

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

PHILIP R. SELLINGER
United States Attorney

401 Market Street, Fourth Floor
Camden, New Jersey 08102

DIANA VONDRA CARRIG
Assistant United States Attorney

Direct Dial: 856.968.4927
Email: diana.carrig@usdoj.gov

December 14, 2022

Rocco C. Cipparone, Jr., Esquire
157 Bridgeton Pike, Suite 200-320
Mullica Hill, New Jersey 08062

### Re: **Rule 11(c)(1)(C) Plea Agreement with John Michael Musbach**

Dear Mr. Cipparone:

This letter sets forth the plea agreement between your client, John Michael Musbach, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 30, 2022, if it is not accepted in writing by that date. If John Michael Musbach does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from John Michael Musbach to Count 1 of the Indictment, Criminal No. 21-302 (JHR), which charges John Michael Musbach with knowingly and intentionally using and causing another to use a facility of interstate and foreign commerce, that is the internet, with the intent that a murder be committed, in violation of 18 U.S.C. § 1958(a). If John Michael Musbach enters a guilty plea and is sentenced to at least 60 months and no more than 96 months' imprisonment and 3 years' supervised release on this charge (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against John Michael Musbach for ordering and paying approximately 40 Bitcoin (worth approximately $20,000 at the time) for the murder-for-hire of a 14-year old, who was the victim of Musbach's then-pending state criminal case, via a murder-for-hire website, during the period from in or about May 7, 2016 through May 20, 2016.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against John Michael Musbach even if the applicable statute of limitations period for those charges

1

expires after John Michael Musbach signs this agreement, and John Michael Musbach agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement pursuant to Rule 11(c)(5), John Michael Musbach may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), John Michael Musbach will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 18 U.S.C. § 1958 to which John Michael Musbach agrees to plead guilty in Count 1 of the Indictment carries a statutory maximum prison sentence of 10 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and John Michael Musbach agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence John Michael Musbach to at least 60 and no more than 96 months' imprisonment and 3 years' supervised release.

Further, in addition to imposing any other penalty on John Michael Musbach, the sentencing judge as part of the sentence:

(1) will order John Michael Musbach to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order John Michael Musbach to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*, if applicable;

(3) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(4) if John Michael Musbach violates any of the conditions of supervised release before the expiration of its term, John Michael Musbach may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on John Michael Musbach by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of John Michael Musbach's activities and relevant conduct with respect to this case.

### Stipulations

This Office and John Michael Musbach will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, John Michael Musbach will not challenge by any means his/her conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim John Michael Musbach pursues in an appropriate forum, when permitted by law, that John Michael Musbach received constitutionally ineffective assistance of counsel.

## Immigration Consequences

John Michael Musbach understands that, if John Michael Musbach is not a citizen of the United States, John Michael Musbach's guilty plea to the charged offense will likely result in John Michael Musbach being subject to immigration proceedings and removed from the United States by making John Michael Musbach deportable, excludable, or inadmissible, or ending John Michael Musbach's naturalization. John Michael Musbach understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. John Michael Musbach wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause John Michael Musbach's removal from the United States. John Michael Musbach understands that John Michael Musbach is bound by this guilty plea regardless of any immigration consequences. Accordingly, John Michael Musbach waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. John Michael Musbach also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against John Michael Musbach. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between John Michael Musbach and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*/s/ Diana Vondra Carrig*

By: DIANA VONDRA CARRIG
Assistant U.S. Attorney

APPROVED:

*/s/ Andrew Carey*

ANDREW CAREY, Deputy U.S. Attorney

5

I have received this letter from my attorney, Rocco C. Cipparone, Jr., Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 12/27/22
JOHN MICHAEL MUSBACH


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge/charges, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 12/27/2022
ROCCO C. CIPPARONE, JR., ESQUIRE
Counsel for Defendant

6

Rule 11(c)(1)(C) Plea Agreement with John Michael Musbach

Schedule A

1. This Office and John Michael Musbach recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the United States Sentencing Guidelines effective November 1, 2021, applies in this case.

3. The applicable guideline for this offense of conviction is U.S.S.G. § 2E1.4(a)(1). This guideline carries a Base Offense Level of 32.

4. John Michael Musbach receives a two-level increase because the victim of his offense was a vulnerable victim as a 14-year old minor. U.S.S.G. § 3A1.1(b)(1).

5. As of the date of this letter, John Michael Musbach has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if John Michael Musbach's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, John Michael Musbach has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Office to avoid preparing for trial and permitting the Office and the court to allocate their resources efficiently. At sentencing, the Office will move for a further 1-point reduction in John Michael Musbach's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) John Michael Musbach enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that John Michael Musbach's acceptance of responsibility has continued through the date of sentencing and John Michael Musbach therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) John Michael Musbach's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. Accordingly, the parties agree that the total Guidelines offense level applicable to John Michael Musbach is 31 (the "agreed total Guidelines offense level").